# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DARRYL TUCKER,
                **Petitioner,**

     **v.**                                        **Case No. 05C0003**

CATHY JESS,
                **Respondent.**

---

## DECISION AND ORDER

Petitioner Darryl Tucker, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of two counts of second-degree sexual assault of a child in Milwaukee County Circuit Court. Petitioner contends that the state court of appeals violated several of his constitutional rights in connection with its handling of the no-merit brief filed by his appellate counsel pursuant to Anders v. California, 386 U.S. 738 (1967).

## I. BACKGROUND

Petitioner pleaded guilty to the charges and was sentenced to twelve years in prison on count one and ten years in prison followed by three years of extended supervision on count two, the sentences to run consecutively. Pursuant to Anders and Wis. Stat. § 809.32, his appellate counsel filed a no-merit report in the court of appeals. Petitioner filed a letter in response. The court of appeals accepted counsel's no merit report, relieved him of further representation, and affirmed petitioner's conviction. Petitioner filed a petition for review in the state supreme court, but on October 1, 2003, the court denied the petition. On July 13, 2004, petitioner filed a petition for a writ of habeas corpus in the state supreme

court, which the court denied on July 21, 2004. On January 3, 2005, he filed the instant federal habeas petition.

## II. DISCUSSION

**A.     Timeliness**

Respondent first argues that the petition was untimely filed. Under 28 U.S.C. § 2244(d)(1)(A), petitioner had to file within one year from the date his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction became final on January 1, 2004, ninety days after the state supreme court denied review. Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002) (stating that the ninety-day period in which a prisoner may seek a writ of certiorari from the United States Supreme Court is counted under § 2244(d)(1)(A)). On December 30, 2004, petitioner deposited his petition in the prison mailbox. (R. 28 Ex. A.) Under Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999), a prisoner's habeas petition is deemed filed for statute of limitations purposes when the prisoner deposits it in the prison mail. Thus, petitioner filed his petition within the one-year period, and the petition is therefore timely.

**B.     Merits**

With respect to the merits of his claim, under 28 U.S.C. § 2254(d)(1), I may grant relief only if the court of appeals's decision "was contrary to, or involved an unreasonable application of clearly established federal law as determined by the" Supreme Court. Therefore, in order to prevail, petitioner must show that the court of appeals affirmed his conviction in a manner contrary to Anders or that it unreasonably applied Anders.

2

Petitioner fails to satisfy this burden.  Anders permits an appellate counsel to file a no-merit brief and to withdraw as counsel if: (1) counsel has conducted a conscientious examination of the case; (2) counsel's motion to withdraw is based on an opinion that the appeal is frivolous and is accompanied by a brief referring  to anything in the record that arguably supports the appeal; (3) counsel furnishes defendant with a copy of the brief and defendant is allowed to raise any points that he chooses; and (4) the appellate court conducts a thorough examination and decides whether the appeal is wholly frivolous. Walker v. McCaughtry, 72 F. Supp. 2d 1025, 1032 (E.D. Wis. 1999) (citing Anders, 386 U.S. at 744).

Petitioner presents nothing that even suggests that either his appellate counsel or the state court of appeals did not comply with any of the above requirements.  Petitioner's counsel filed a no-merit report, which discussed in detail petitioner's potential claims and then explained why none of them had merit.  (R. 12 Ex. C.) Petitioner was permitted to and did respond to the report.  (R. 12 Ex. D.)  The state court of appeals complied with all of the requirements of Anders when it considered the no-merit report, petitioner's response and the record as a whole before agreeing with counsel's assessment that there were no arguably meritorious issues.  (R. 12 Ex. B.)  Petitioner points to no flaw in the process or to any arguably meritorious issue the court and counsel neglected.  Therefore, his claim fails.

Petitioner also argues that the Wisconsin appellate court clerks issued unauthorized orders.  However, this claim at most raises an issue of state rather than federal law and is therefore not cognizable in a federal habeas proceeding. See Estelle v. McGuire, 502 U.S. 62, 68 (1991).

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**.  The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20 day of March, 2006.


/s_____
LYNN ADELMAN
District Judge

4