# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DARRYL TUCKER,**
        **Petitioner,**

     v.                                          Case No. 05C0003

**CATHY JESS,**
        **Respondent.**

---

## DECISION AND ORDER

     Darryl Tucker, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the Wisconsin Court of Appeals violated his constitutional rights in connection with its handling of the no-merit report filed by his appointed appellate counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). On March 20, 2006, I denied his petition. On March 29, 2006, petitioner filed a motion to reconsider.

     A motion to reconsider may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under 59(e) or 60(b) is timing. <u>Britton v. Swift Transp. Co.</u>, 127 F.3d 616, 618 (7th Cir. 1997). A motion filed within 10 days of the entry of judgment is considered under Rule 59 and one filed after such time is considered under Rule 60. <u>Id.</u> In the present case, petitioner's motion was filed within 10 days of the entry of judgment; thus, I consider it under Rule 59(e).

     Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest

injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that could have been submitted previously. 11 Wright et al., supra, at 127-28.

In the present motion, petitioner claims that appellate counsel abandoned him by relinquishing the trial transcripts. However, petitioner did not argue abandonment on this basis in his petition or supporting brief, and it is too late for him to do so now. See Divane v. Krull Elec. Co., 194 F.3d 845, 850 (7th Cir. 1999) (stating that Rule 59(e) "should not be used to allow a party to . . . advance new arguments that it should have brought before the district court"). Further, the record clearly shows that counsel did not abandon petitioner; rather, he followed the procedures for withdrawal outlined in Anders. The record also shows, contrary to petitioner's contention, that counsel in fact conducted a conscientious examination of the record.

Next, petitioner argues that counsel's statements in the no-merit report were un-researched and inconsistent with the record. However, he fails to explain how this is so, and my review of the record disclosed that appellate counsel's Anders report was thorough. Petitioner has failed to show any manifest error of law or fact in this regard.

2

Finally, petitioner contends that the Clerk of the Wisconsin Supreme Court interfered in the appeal process. However, he offers no explanation as to how this occurred or how it violated his rights. Thus, he has shown no manifest error of fact or law on this issue.

**THEREFORE, IT IS ORDERED THAT** petitioner's motion (R. 33) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge