# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARRYL TUCKER,
        Petitioner,

v.                              Case No. 05C0003

CATHY JESS,
        Respondent.

## MEMORANDUM AND ORDER

On May 5, 2006, habeas petitioner Darryl Tucker filed a notice of appeal of my dismissal of his case and a request for a certificate of appealability. On May 16, 2006 he filed a petition for leave to proceed on appeal in forma pauperis and a motion to expand the record on appeal. On June 16, 2006, I issued an order denying his certificate of appealability, denying his motion to expand the record on appeal, and delaying a ruling on his petition for leave to proceed in forma pauperis so that petitioner could file a certified copy of his prison trust account statement showing transactions for the preceding six months as required by the "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis." On June 30, 2006, petitioner filed a motion to reconsider my denial of his certificate of appealability and motion to expand the record on appeal. On July 31, 2006, he filed a certified copy of his prison trust account statement. Before me now is his petition to proceed on appeal in forma pauperis and his latest motion for reconsideration.

## I. REQUEST FOR IFP STATUS ON APPEAL

Petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $455. Petitioner was not in forma pauperis at the district court level

because he paid the $5 filing fee in this court. The jump in price makes his current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith. "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, it appears that petitioner's argument that the state court of appeals violated several of his constitutional rights in connection with its handling of the no-merit brief filed by his appellate counsel pursuant to Anders v. California, 386 U.S. 738 (1967) is not so baseless that it would be dismissed as frivolous without further consideration. As a result, as far as § 1915(a)(3) is concerned, he should be allowed to proceed. The certified copy of his prisoner trust account statement shows that he lacks available funds with which to pay the $455 filing fee. As such, I will grant his petition to proceed in forma pauperis.

## II. RECONSIDERATION

**A.     Certificate of Appealability**

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Petitioner now asks that I reconsider my denial of his certificate of appealability so that he can appeal my decision to deny his request for reconsideration of my decision to deny him habeas relief. As I now have decided twice before, none of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Accordingly, for the same reasons as set forth in my March 20, 2006, Decision and Order, and my June 16, 2006, Decision and Order, petitioner has not made a substantial showing of the denial of any constitutional right. I do

3

not believe jurists of reason would differ as to any of the issues he presented in this case, and I do not believe these issues should proceed further.

**B.     Record on Appeal**

Fed. R. App. P. 10(e)(2) permits the district court to supplement the record on appeal if "anything material is omitted from or misstated in the record by error or accident." "The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects the proceedings in the trial court" and "not to enable the losing party to add new material to the record in order to collaterally attack the trial courts judgment." United States v. Elizalde-Adame, 262 F.3d 637, 640 (7th Cir. 2001). Therefore, "Rule 10(e) does not allow a party to add materials to the record on appeal which were not before the district court." Id.; see Steinle v. Warren, 765 F.2d 95, 100 (7th Cir. 1985).

Petitioner asks that I reconsider my June 16, 2006, decision denying his request to add to the appeal record various transcripts, orders, docket cards and police reports. As I stated before, some of the documents that he seeks to add are already included in the appeal record, and to the extent petitioner seeks to add new documents to the appeal record, I deny the request because these documents were not before me.

### III. CONCLUSION

**THEREFORE,**

**IT IS ORDERED** that petitioner's request leave to proceed on appeal in forma pauperis is **GRANTED**.

4

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration of my denial of his request for a certificate of appealability and for leave to enlarge the record on appeal is **DENIED**.

Dated at Milwaukee, Wisconsin, this 11 day of August , 2006.

/s_____
LYNN ADELMAN
District Judge